UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Laura Jackson Shaw, | ) | Case No. 05-84059 |
| | ) | |
| Debtor. | ) | |
| | ) | |

_____

**ORDER AND OPINION**
_____

This matter came on for hearing on April 20, 2006, in Durham, North Carolina upon an Objection by Allegacy Federal Credit Union ("the Creditor") to the confirmation of the Debtor's Chapter 13 Plan. Edward C. Boltz appeared on behalf of the Debtor, L. Clifford Brisson, Jr., appeared on behalf of the Creditor, and Benjamin E. Lovell appeared on behalf of Richard M. Hutson, II ("the Chapter 13 Trustee"). Pamela P. Keenan filed an amici curiae brief on behalf of General Motors Acceptance Corporation and Ford Motor Credit Company in support of the Creditor's objection to confirmation. After considering the documents on the record and the arguments of counsel, the court makes the following findings of facts and conclusions of law:

FINDINGS OF FACT

On November 29, 2005, the Debtor filed a petition for bankruptcy protection under Chapter 13 of the Bankruptcy Code. Prior to filing her petition, the Debtor purchased a 2003 Pontiac Aztec ("the Vehicle"). To finance this purchase, the Debtor borrowed funds from the Creditor and, as security for repayment of these funds, granted the Creditor a lien on the Vehicle. On January 24, 2006, the Chapter 13 Trustee filed a Notice and Proposed Order of Confirmation of the Debtor's Chapter 13 Plan. The Debtor's plan proposed to bifurcate the Creditor's claim

into secured and unsecured portions. The Creditor objected to confirmation of the Debtor's plan due to this bifurcation. At the hearing on this matter, all parties agreed that this transaction took place within 910 days prior to the Debtor filing her petition and that the Creditor was owed $16,916.45 as of the date of filing. This is the allowed amount of the claim filed by the Creditor. At the hearing, the parties agreed that, at minimum, the Debtor's plan must provide for the repayment of $16,916.45 to the Creditor.

## CONCLUSIONS OF LAW

The issue of law that the parties have presented can be simply stated: at what rate of interest, if any, must the Debtor repay the amount owed to the Creditor in order for the Debtor's plan to satisfy the confirmation requirements of the Bankruptcy Code? While the question may be uncomplicated, the answer is not. The Debtor argues that no interest is due on the claim. The Creditor argues that the contract interest rate is the proper rate. Finally, both parties argue that, if the court does not accept their initial contentions, the Bankruptcy Code requires interest be paid at the rate provided for by Till v. SCS Credit Corporation ("the Till rate"). 541 U.S. 465 (2004).

When determining whether confirmation of a Chapter 13 plan is proper, the court must look to § 1325 of the Bankruptcy Code. Section 1325(a) provides that the court shall confirm a plan if the plan meets the requirements of nine numbered paragraphs and one unnumbered paragraph at the end of § 1325(a) ("the Hanging Paragraph"). At issue in this matter is the relationship between § 1325(a)(5), the Hanging Paragraph, and § 506 of the Bankruptcy Code. To understand this relationship, one must read § 1325(a) in its entirety.

Section 1325(a) begins by instructing the court to confirm plans that meet the

requirements enumerated in this subsection.  The subsection contains general requirements (i.e. that the plan be proposed in good faith) and mandates specific treatment of certain creditors (i.e. that unsecured creditors receive no less under a debtor's plan than such creditors would receive in a Chapter 7 proceeding).  With regard to secured creditors, such as the Creditor in this case, § 1325(a) provides:

> (5) with respect to each allowed secured claim provided for by the plan-
> (A) the holder of such claim has accepted the plan;
> (B) (i) the plan provides that-
> (I) the holder of such claim retain the lien securing such claim until the earlier of-
> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
> (bb) discharge under section 1328; and
> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
> (iii) if-
> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
> (C) the debtor surrenders the property securing such claim to such holder.

In this matter, the Debtor is neither proposing to surrender the Vehicle nor is the Creditor agreeing to its treatment by the Debtor's plan.  Therefore, if § 1325(a)(5) applies, the court shall confirm the plan if the plan meets the requirements of § 1325(a)(5)(B).  However, to determine if § 1325(a)(5) applies, one must read the remainder of the subsection.  At the end of § 1325(a), the Hanging Paragraph provides that:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in
> that paragraph if the creditor has a purchase money security interest securing the
> debt that is the subject of the claim, the debt was incurred within the 910-day [sic]

3

> preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

Neither party disputes that the Hanging Paragraph applies to the Creditor's claim. Therefore, § 506 of the Bankruptcy Code does not apply to the Creditor's claim. To understand the importance of the Hanging Paragraph, one must examine § 506. For the purposes of this matter, the relevant provision of § 506 reads:

> (a) (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

When applicable, § 506(a) provides a method to value secured creditors' claims pursuant to §1325(a)(5)(B)(ii). The result would be that secured creditors' claims can be treated as secured to the extent of the value of the collateral and unsecured for the balance of the claim. The secured portion of the claim would be paid with the Till rate of interest. 541 U.S. at 480. The unsecured portion of the claim would be paid in accordance with the plan's treatment of other unsecured debts. In this matter, both the Debtor and the Creditor acknowledge that, because § 506 is not applicable, bifurcation of the Creditor's claim into secured and unsecured portions is not permitted by the application of the Hanging Paragraph. However, the parties disagree on how the claim should be treated going forward.

      The Debtor argues that the Hanging Paragraph, in making § 506 inapplicable to §

1325(a)(5), makes all provisions of § 1325(a)(5) inapplicable. To reach this conclusion, the Debtor argues that, for § 1325(a)(5) to apply, the Creditor must have an "allowed secured claim." The Debtor argues that, while claims are allowed by § 502, claims are deemed secured by application of § 506. Therefore, by making § 506 inapplicable, the Hanging Paragraph renders § 1325(a)(5) inapplicable. The result, according to the Debtor, is a new class of claims. These claims are not treated like secured claims or unsecured claims. Rather, these claims are paid in full with no interest.

On the other hand, the Creditor argues that the Hanging Paragraph, in making §506 inapplicable to § 1325(a)(5), simply redefines how to value the claim held by the Creditor. The Creditor argues that, by removing the valuation method provided in § 506(a), the Hanging Paragraph requires that all secured claims covered by the Hanging Paragraph must be paid in accordance with the contract that created the debt. The result, according to the Creditor, is that secured claims covered by the Hanging Paragraph are required to be paid with the interest rate provided by the contract.

The court cannot agree entirely with either position advanced. First, the Hanging Paragraph does not make § 1325(a)(5) inapplicable to certain secured claims. To agree with the Debtor's argument on this point, the court would have to conclude that, without § 506, a creditor could not be secured under the Bankruptcy Code. As the Supreme Court has recognized, a creditor's rights are initially determined upon state law. See Butner v. U.S., 440 U.S. 48, 55 (1979); Raleigh v. Ill. Dept. of Revenue, 530 U.S. 15, 20 (2000). A creditor's rights may then be altered by a relevant provision of the Bankruptcy Code. Butner, 440 U.S. at 55. The rationale of these cases, and others like them, indicates that a creditor's secured status is dictated by state law

while the treatment of secured claims is dictated by the Bankruptcy Code.  As such, even though the Hanging Paragraph makes § 506 inapplicable to certain secured claims, it does not mean that claims covered by the Hanging Paragraph are no longer secured.  See In re Johnson, 337 B.R. 269 (Bankr. M.D.N.C. 2006); In re Brown, 339 B.R. 818 (Bankr. S.D. Ga. 2006); In re Montoya, – B.R. – (Bankr. D. Utah April 10, 2006).  Therefore, as the Hanging Paragraph does not strip otherwise secured claims of their secured status, § 1325(a)(5) continues to apply to those claims.  Given that § 1325(a)(5) applies to the Creditor's claim, the court must now determine how the claim must be treated in order to meet the confirmation requirements.

As noted above, for the purposes of this case, the relevant portion of § 1325(a)(5) is found in subsection (B).  In § 1325(a)(5)(B)(ii), the statute dictates that the Creditor is to receive "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim" and such value may not be "less than the allowed amount of such claim." The language of § 1325(a)(5)(B)(ii) was not changed by the enactment of BAPCPA.  As stated by the Supreme Court in Till, this paragraph requires that the Creditor's claim be paid in full, either at the time of confirmation or over time with interest.  541 U.S. at 473-74.  The Till Court performed a thorough analysis of the statutory language and provided detailed instructions by which subsequent courts should calculate the appropriate rate of interest.  Id. at 478-480.  When Congress enacted BAPCPA, it is presumed to have known of the Supreme Court's decision in Till.  See Quality Tooling v. U.S., 47 F.3d 1569, 1583-84 (Fed. Cir. 1995).  Therefore, given Congress's knowledge of the Till decision and Congress's decision not to change to the applicable statutory language when enacting BAPCPA, this court concludes that the Till rate remains the proper interest rate with which secured claims must be paid to meet the requirements

of § 1325(a)(5)(B)(ii).

Therefore, it is ORDERED that confirmation of the Debtor's plan is denied. The Debtor shall have 30 days from the entry of this order to file a plan consistent with this opinion. If no plan is filed by that date, the Debtor's case will be dismissed without further hearing.

Service List

Laura Jackson Shaw
4001 Meriweather Drive
#P1
Durham, NC 27704

John T. Orcutt
6616-203 Six Forks Road
Raleigh, NC 27615-6524

Allegacy Federal Credit Union
c/o Centrix Financial
6782 South Potomac Street
Centennial, CO 80112-3915

Cliff Brisson, Jr.
P. O. Box 1180
Fayetteville, NC 28302

Allegacy Federal Credit Union
c/o Polk, Prober & Raphael
Attn: Bankruptcy Dept
P. O. Box 4365
Woodland Hills, CA 91365

Pamela P. Keenan
P. O. Box 19766
Raleigh, NC 27619

Richard M. Hutson, II
Chapter 13 Trustee
P.O. Box 3613
Durham, NC 27702